**Nika Aldrich**, OSB #160306
Email: naldrich@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711

**Elizabeth Graves**, OSB #193644
Email: egraves@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Avenue, Suite 1800
Portland, OR 97204
Telephone:  503-222-9981

*Attorneys for Pacific Bio Products - Warrenton, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CENTER FOR FOOD SAFETY**, a California non-profit corporation; and **NORTHWEST ENVIRONMENTAL DEFENSE CENTER**, an Oregon non-profit corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> **PACIFIC BIO PRODUCTS - WARRENTON, LLC**, an Oregon corporation, <br><br> Defendant. | No. 3:26-cv-00118-JR <br><br> DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT <br><br> ORAL ARGUMENT REQUESTED |

DEFENDANT'S MOTION TO DISMISS, OR IN THE
ALTERNATIVE, MOTION FOR SUMMARY
JUDGMENT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711
Fax 206-292-0460

113023\296855\50897173.1

# **TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................. 1

II.     BACKGROUND ................................................................................................. 2

        A.      NPDES Permit No. 101804 ..................................................................... 2

        B.      Challenges to the Permit ......................................................................... 3

        C.      Contested Case Proceedings and Stay of the Permit ............................. 5

        D.      Present Lawsuit ....................................................................................... 7

III.    STANDARD OF REVIEW ................................................................................ 9

        A.      Motions to Dismiss Pursuant to Rule 12(b)(1) ...................................... 9

        B.      Motions to Dismiss Pursuant to Rule 12(b)(6) .................................... 10

        C.      Clean Water Act .................................................................................... 12

IV.     ARGUMENT .................................................................................................... 14

        A.      The Court Should Take Judicial Notice of the Stay Order Entered by the
                Oregon Court of Appeals and Related Filings in that Action .............. 14

        B.      The Court Does Not Have Subject Matter Jurisdiction and Plaintiffs
                Cannot State a Claim for Violations of the CWA Premised on the Stayed
                2022 Permit. .......................................................................................... 15

        C.      In the Alternative, the Court Should Grant Summary Judgment. ......... 17

V.      CONCLUSION ................................................................................................. 19

DEFENDANT'S MOTION TO DISMISS, OR IN THE
           ALTERNATIVE, MOTION FOR SUMMARY
           JUDGMENT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711
Fax 206-292-0460

113023\296855\50897173.1

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Angelone*,
86 F.3d 932 (9th Cir. 1996) ...................................................................................13

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)................................................................................................13

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)................................................................................................13

*Byrd v. Phoenix Police Dep't*,
885 F.3d 639 (9th Cir. 2018) .................................................................................14

*Cmtys. for a Better Env't v. Tosco Ref. Co., Inc.*,
No. C 00–0248 SI, 2001 WL 114441 (N.D. Cal. Jan. 29, 2001)...........................18

*Earley v. U.S.*,
Case No. 3:22-cv-00697-SB, 2023 WL 2245669 (D. Or. Jan. 27, 2023)...............13

*Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*,
484 U.S 49 (1987).........................................................................................*passim*

*Harris v. Cnty. of Orange*,
682 F.3d 1126 (9th Cir. 2012) ...............................................................................14

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
511 U.S. 375 (1994)................................................................................................12

*Lee v. City of Los Angeles*,
250 F.3d 668 (9th Cir. 2001) ............................................................................14, 17

*Mashiri v. Epsten Grinnell & Howell*,
845 F.3d 984 (9th Cir. 2017) .................................................................................13

*Maya v. Centex Corp.*,
658 F.3d 1060 (9th Cir. 2011) ...............................................................................20

*Mecinas v. Hobbs*,
30 F.4th 890 (9th Cir. 2022) ..................................................................................12

*Nat. Res. Def. Council, Inc. v. Cnty. of Los Angeles*,
725 F.3d 1194 (9th Cir. 2013) ...............................................................................15

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711
Fax 206-292-0460

113023\296855\50897173.1

*Nat. Res. Def. Council v. Sw. Marine, Inc.*,
  236 F.3d 985 (9th Cir. 2000) ..................................................................................18

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
  442 F.3d 741 (9th Cir. 2006) .................................................................................14

*Safe Air for Everyone v. Meyer*,
  373 F.3d 1035 (9th Cir. 2004) .........................................................................17, 21

*San Diego Coastkeeper v. Pick-Your-Part Auto Wrecking*,
  No. 33-CV-1693 TWR (DDL), 2023 WL 4879832 (S.D. Cal. July 31, 2023) .......17

*Savage v. Glendale Union High Sch.*,
  343 F.3d 1036 (9th Cir. 2003) .........................................................................12, 20

*Sec. & Exch. Comm'n v. United Fin. Grp., Inc.*,
  576 F.2d 217 (9th Cir. 1978) .................................................................................15

*Shaw v. Hahn*,
  56 F.3d 1128 (9th Cir. 1995) .................................................................................14

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir.), *opinion amended on other grounds on denial of reh'g*, 275 F.3d
  1187 (9th Cir. 2001)..........................................................................................13, 19

*In re Stac Elecs. Sec. Litig.*,
  89 F.3d 1399 (9th Cir. 1996) .................................................................................15

*Starr v. Baca*,
  652 F.3d 1202 (9th Cir. 2011) ...............................................................................13

*Thornhill Publ'g Co. v. Gen. Tel. Co.*,
  594 F.2d 730 (9th Cir. 1979) .................................................................................20

*U.S. v. Ritchie*,
  342 F.3d 903 (9th Cir. 2003) ...........................................................................13, 15

*U.S. v. Sleugh*,
  896 F.3d 1007 (9th Cir. 2018) ...............................................................................14

*Vasserman v. Henry Mayo Newhall Mem'l Hosp.*,
  65 F. Supp. 3d 932 (C.D. Cal. Dec. 5, 2014) .......................................................14

*White v. Lee*,
  227 F.3d 1214 (9th Cir. 2000) ...............................................................................12

*Winget v. JP Morgan Chase Bank, N.A.*,
  537 F.3d 565 (6th Cir. 2008) .................................................................................15

Page ii    DEFENDANT'S MOTION TO DISMISS, OR IN THE
           ALTERNATIVE, MOTION FOR SUMMARY
           JUDGMENT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711
Fax 206-292-0460

113023\296855\50897173.1

**Statutes**

33 U.S.C. §§ 1251 *et seq.*, Clean Water Act ................................................................... *passim*

33 U.S.C. § 1311 ...........................................................................................................15

33 U.S.C. § 1342 ...........................................................................................................15

33 U.S.C. § 1365 ......................................................................................................4, 15

ORS 183.482 ...................................................................................................................8

**Other Authorities**

40 C.F.R. § 125.3 ............................................................................................................7

Fed. R. Civ. P. 11 ....................................................................................................16, 19

Fed. R. Civ. P. 12(b)(1) ..............................................................................................*passim*

Fed. R. Civ. P. 12(b)(6) ..............................................................................................*passim*

Fed. R. Civ. P. 56 ......................................................................................................*passim*

Fed. R. Evid. 201 .....................................................................................................14, 17

OAR 340-041-0009 .........................................................................................................7

OAR 340-045-0040 ...............................................................................................6, 9, 18

DEFENDANT'S MOTION TO DISMISS, OR IN THE
ALTERNATIVE, MOTION FOR SUMMARY
JUDGMENT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711
Fax 206-292-0460

113023\296855\50897173.1

**LOCAL RULE 7.1 CERTIFICATION**

Counsel for Defendant Pacific Bio Products – Warrenton, LLC ("PBP") certifies that they conferred in good faith with counsel for Plaintiffs Center for Food Safety ("CFS") & Northwest Environmental Defense Center ("NEDC") (collectively "Plaintiffs") to resolve the dispute that is the subject of this motion. The effort at conferral did not resolve the need for this motion.

**MOTION**

PBP moves to the Court to dismiss Plaintiffs' Complaint pleading alleged violations of the Clean Water Act ("CWA") pursuant to Fed. R. Civ. P. 12(b)(1) because the Court lacks subject matter jurisdiction. In the alternative, the Court should dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), or convert the Motion into one for summary judgment and should grant the Motion pursuant to Fed. R. Civ. P. 56. Additionally, PBP requests that this Court take judicial notice of the documents provided as exhibits to the Declaration of Eric Mills ("Mills Decl."), filed contemporaneously herewith, in support of this Motion.

**MEMORANDUM OF LAW**

I.    **INTRODUCTION**

Plaintiffs filed this citizen suit pursuant to Section 505(a) of the CWA, 33 U.S.C. § 1365(a)(1), alleging that PBP has operated its seafood processing facility in Warrenton, Oregon (the "Facility") in violation of National Pollution Discharge Elimination System ("NPDES") Permit No. 101804 (the "2022 Permit") issued in 2022.

However, the 2022 Permit is not currently in effect and has not been in effect for more than a year, and thus PBP cannot be in violation of it. On April 8, 2025, several months before

Page 1      DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711
Fax 206-292-0460

113023\296855\50897173.1

commencement of this action, the Oregon Court of Appeals entered an Order staying the Permit. By operation of law, PBP's preceding permit—issued in 2007 (the "2007 Permit")—remains in effect while the Court of Appeals completes its judicial review. That proceeding is ongoing, and the stay therefore remains in effect. Consequently, PBP was not in violation of the 2022 Permit at the time this action was commenced.

Moreover, the Complaint alleges no violations of the 2007 Permit. Because Plaintiffs have failed to plausibly allege that PBP is operating in violation of its operative permit—i.e., the 2007 Permit—and because it cannot plausibly allege that PBP is in violation of a permit that has been stayed, the Court lacks subject matter jurisdiction under the requirements of the citizen suit provision of the CWA. The Court should therefore dismiss the Complaint pursuant to Rule 12(b)(1). In the alternative, the Court should dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Rule12(b)(6), or treat the Motion as a motion for summary judgment and dismiss the Complaint pursuant to Rule 56.

## II.    BACKGROUND[1]

### A.    NPDES Permit No. 101804

The Facility has been in use since 1942, long before the enactment of the CWA in 1972. Since the Environmental Protection Agency ("EPA") delegated the CWA's NPDES permitting program to Oregon in 1973, the Facility has held and complied with numerous NPDES permits. (Mills Decl., ¶ 3, Ex. 2, pp. 62–63 (listing permit history); ¶ 4, Ex. 3, p. 2 (finding that the Facility has "operated under NPDES permits for decades")

---

[1] PBP offers this summary of background facts and procedural history to provide the Court with context for this Motion. However, PBP only seeks judicial notice of the limited facts discussed in Section IV.A.

Page 2    DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711
Fax 206-292-0460

113023\296855\50897173.1

In 2007, DEQ issued an NPDES permit, i.e. the 2007 Permit, which authorized PBP to discharge treated wastewater and stormwater from the Facility into the Columbia River.  (*Id.*, Ex. 2, p. 63.)  In 2012, because the Facility timely filed to renew its permit, the 2007 Permit was administratively extended until such time as DEQ issued a renewed permit.  (*Id.*, Ex. 2, p. 58 (recognizing extension of 2007 permit), ¶ 5, Ex. 4 (2007 Permit); *see also* OAR 340-045-0040(2) ("If a completed application for renewal of a permit is filed with DEQ . . . the permit will not expire until final action has been taken on the renewal application."))  The new permit, which is the subject of this case, took ten years to issue.  (Mills Decl., Ex. 2, p. 71.)

On February 17, 2022, DEQ issued the 2022 Permit (the new permit) at issue, NPDES Permit No. 101804.  (Compl. ¶ 2.)  The 2022 Permit authorizes the discharge of wastewater and stormwater from the Facility to the Columbia River according to the Permit's conditions.  (*Id.*) The 2022 Permit differs significantly from prior permits issued to the Facility, imposing substantially broader standards and limitations not formerly imposed on the Facility.  (Mills Decl., Ex. 2, p. 71.)

Among a variety of other conditions, the 2022 Permit includes a residual chlorine condition.  (Compl. ¶ 37.)

### B.    Challenges to the Permit

Immediately after the 2022 Permit's issuance, on or around March 9, 2022, PBP timely initiated a contested case proceeding challenging several conditions of the Permit.  (Mills Dec., ¶ 2, Ex. 1.)  PBP's administrative petition encompassed a broad and technically detailed challenge, which can be grouped into four primary categories.

First, the petition challenged DEQ's use of EPA effluent limitation guidelines ("ELGs") to establish technology-based effluent limitations ("TBELs").  (*Id.*, pp. 9–10.)  PBP asserted that

Page 3      DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711
Fax 206-292-0460

113023\296855\50897173.1

DEQ unlawfully relied on ELGs applicable to menhaden on the Gulf and Atlantic Coasts and anchovy on the West Coast, even though the facility processes different species. (*Id.*) The challenge was framed as a legal error under the CWA and implementing regulations, asserting that ELGs are categorical and cannot be extended beyond their defined industry scope. (*Id.*) The menhaden and anchovy industry are quite different than the West Coast bottom fish industry, of which PBP is a part.

Second, in the alternative, the petition argued that, where ELGs are inapplicable, DEQ was required to establish TBELs using "best professional judgment" under 40 C.F.R. § 125.3(c)–(d), and failed to do so adequately. (*Id.*, p. 11.) PBP asserted that DEQ did not conduct a proper case-by-case analysis, did not properly weigh cost versus benefit, and improperly truncated its analysis by reverting to ELG effluent limitations. (*Id.*)

Third, the petition challenged numerous specific effluent limitations, including heavy metals (copper, mercury, zinc, thallium), bacteria limits, and thermal discharge limits. (*Id.*, p. 8.) These challenges were both legal, asserting that DEQ misapplied relevant regulations such as OAR 340-041-0009 and TMDL provisions, and evidentiary, contending that DEQ lacked evidence to support its numeric limits by relying on inadequate data. (*Id.*, pp. 8–9.). The disputed data at issue in the administrative challenge was also used to develop the chlorine effluent limitations.

Fourth, the petition challenged monitoring and compliance requirements, including whole effluent toxicity ("WET") testing, VOC and cyanide monitoring, and the frequency and scope of monitoring obligations. (*Id.*, pp. 13–16.) The WET process also requires testing for the effects of chlorine on aquatic species.

Page 4     DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711
Fax 206-292-0460

113023\296855\50897173.1

In sum, the petition asserted that the 2022 Permit was technically impossible to comply with as written and comprehensively objected to the 2022 Permit's regulatory methodology, evidentiary support, and resulting conditions.[2]

## C.    Contested Case Proceedings and Stay of the Permit

Following an evidentiary hearing for the contested case, the Office of Administrative Hearings ("OAH") issued a proposed order affirming the 2022 Permit.  (Mills Decl., Ex. 3, p. 2.) PBP appealed that decision to the Oregon Environmental Quality Commission ("EQC").  (*Id.*) On administrative appeal, the EQC adopted the OAH's proposed order with some modifications, issuing the final agency order on October 9, 2024 and the 2022 Permit, as modified by the final agency order.  (*Id.*)

Following that decision, PBP petitioned the Oregon Court of Appeals for judicial review of EQC's final order.  (*Id.*)  Shortly after initiating the judicial review proceeding, PBP moved for a stay order pursuant to ORS 183.482(3)(a)–(c), requesting that DEQ stay the Permit and the effect of EQC's Final Order pending resolution of judicial review.  (*Id.*, Ex. 2, pp. 67–92).  DEQ denied the request for a stay. (*Id.*, pp. 130–40.)

///

///

///

///

///

---

 [2] PBP did not challenge the residual chlorine limits, or certain other conditions in the 2022 Permit.  (*See generally* Mills Decl., Ex. 1.)  However, as explained above, several of the claims asserted by PBP in the administrative proceeding relate to the chlorine condition in the 2022 Permit.

Page 5      DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711
Fax 206-292-0460

113023\296855\50897173.1

Thereafter, pursuant to ORS 183.482(3)(d), PBP sought review of DEQ's denial of its motion for stay before the Court of Appeals. The Motion requested that the Court of Appeals "***stay the Permit and Final Order*** pending resolution of judicial review." (*Id.*, p. 53.)[3]

On April 8, 2025 the Court of Appeals granted PBP's motion for a stay, finding that PBP presented a colorable claim of error, focusing particularly on PBP's arguments that DEQ unlawfully applied ELGs outside their regulatory scope and failed to employ best professional judgment. (*Id.*, p. 3.) The Court of Appeals also found adequate proof of irreparable harm, crediting evidence that compliance with the 2022 Permit could require fundamental and irreversible operational changes or shutdown of the Facility. (*Id.*, p. 4.) Finally, when evaluating the balance of harms, the court rejected the argument that continued discharges would cause sufficient public harm to deny relief, explaining that "[t]he mere fact that, if a stay is granted, *the limits set forth in the permit will not be enforced*, does not show substantial public harm . . . ." (*Id.* (emphasis added).) The Court held, "For those reasons, on review, the court concludes that ***it is appropriate to grant petitioner's motion***; the EQC's final order is stayed pending completion of judicial review." (*Id.*, p. 5 (emphasis added); *see also* p. 2 ("the court grants a stay of enforcement of the final order pending completion of judicial review").)

As a result of this decision, the 2022 Permit has been stayed since April 8, 2025 and  "the

---

[3] *See also id.*, pp. 2 ("Bio-Oregon respectfully requests a ***stay of the Permit***."), 3 ("Bio-Oregon respectfully requests the Court of Appeals ***stay the Permit*** pending resolution of the appeal."); 15 ("The Final Order ***and Permit should be set aside***, modified, reversed, or remanded . . . ."); 31 ("the Court of Appeals should ***stay the Permit*** pending judicial review."); 41 ("The Court should ***stay the effect of the Permit*** during the pendency of judicial review."); 44 ("All these factors further weigh in favor of ***staying the Permit*** pending judicial review."); 45 ("The Court should accordingly ***stay the Permit*** and Final Order pending the resolution of judicial review.") (all emphases added).

Page 6      DEFENDANT'S MOTION TO DISMISS, OR IN THE
            ALTERNATIVE, MOTION FOR SUMMARY
            JUDGMENT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711
Fax 206-292-0460

113023\296855\50897173.1

limits set forth in the permit" cannot be enforced while the appeal is pending.  Meanwhile, by operation of law, the prior permit, issued in 2007 and administratively extended in 2012, resumed its effectiveness, because the issuance of the new permit was stayed.  *See* OAR 340-045-0040(2) (stating that, where a party submits a timely renewal application, a permit will not expire until final action has been taken on the renewal application).  As of the date of this filing, the Court of Appeals has not lifted the stay.  Thus, a stay of the enforcement of the 2022 Permit continues, and the 2007 Permit remains in effect.

D.      **Present Lawsuit**

On or about October 14, 2025, more than six months after the stay was granted, Plaintiffs sent a letter advising PBP that they intended to file a citizen suit against PBP for alleged violations of certain conditions contained in the 2022 Permit.  The alleged violations include numeric effluent limitations that were not directly challenged by PBP (e.g., residual chlorine limits), but that, in any event, relate to substantive issues in the administrative appeal.  Further, and more importantly, the numeric effluent limitations recited in Plaintiffs' pre-suit notice letter were stayed by operation of the Court of Appeals Order staying the effects of the 2022 Permit. The letter does not make any mention of the 2007 Permit currently in effect, nor does it allege any violations of the 2007 Permit.

Thereafter, on January 1, 2026, Plaintiffs filed their Complaint in this case, alleging that PBP violated the cited conditions of the stayed 2022 Permit.  Specifically, paragraph 31 alleges (falsely) that, "Pacific is authorized to discharge effluent from the Facility **under the Permit, issued by ODEQ on February 17, 2022**."  (Emphasis added).  That is incorrect.  Pacific is in fact *not* authorized to discharge effluent from the Facility under the 2022 Permit, because that permit is stayed; Pacific is operating under the 2007 Permit.  The remaining paragraphs 32–99 of the

Page 7       DEFENDANT'S MOTION TO DISMISS, OR IN THE
             ALTERNATIVE, MOTION FOR SUMMARY
             JUDGMENT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711
Fax 206-292-0460

113023\296855\50897173.1

Complaint similarly (and incorrectly) allege violations of the 2022 Permit. Notably, the Complaint makes no reference to the stay or the ongoing judicial review proceeding. Instead, in alleging measurements taken and alleged violations that took place months after the stay issued, the Complaint appears to assume the 2022 Permit is valid and enforceable. It is not.

In their prayer for relief, Plaintiffs seek (A) a declaration that PBP has violated "and continues to be in violation of its NPDES Permit;" (B) an injunction to prohibit PBP "from operating its Facility in a manner that results in further violations of its NPDES Permit or the CWA"; (C) an Order that PBP "immediately comply with all terms and conditions . . . of the Permit"; (D) an Order that PBP "provide Plaintiffs . . . copies of all reports and other documents" it sends to regulatory authorities; (E) an order that PBP take actions to remediate alleged environmental harm; (F) an order for unspecified relief; (G) civil penalties pursuant to the CWA; and (H) reimbursement of litigation costs and fees. Each of these references to a "Permit" or "NPDES Permit" refer expressly to the stayed 2022 Permit.

Like the pre-suit notice letter, the Complaint makes no mention of the operative 2007 Permit and does not allege any violations of the 2007 Permit.

Following service of the Complaint, PBP notified Plaintiffs that the 2022 Permit had been stayed and was not in effect and asked Plaintiffs to dismiss the Complaint. Plaintiffs declined. PBP advised Plaintiffs that the Complaint included false allegations, including paragraph 31's representation that "Pacific is authorized to discharge effluent from the Facility under the Permit, issued by ODEQ on February 17, 2022," whereas that permit has in fact been stayed and, by operation of law, PBP is operating under the 2007 Permit. Plaintiffs declined to amend or correct these false allegations in their pleading. During meet and confer correspondence, Plaintiffs took the position that, notwithstanding the plain language of the Court of Appeals'

Page 8    DEFENDANT'S MOTION TO DISMISS, OR IN THE
ALTERNATIVE, MOTION FOR SUMMARY
JUDGMENT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711
Fax 206-292-0460

Order, the stay was effective only as to the conditions in the 2022 Permit that PBP did not challenge, and that the 2022 Permit was *not* stayed with respect to the permit conditions cited in the Complaint—*e.g.*, residual chlorine limitations.  Since the parties did not reach agreement on the issue, this Motion follow.

## III.    STANDARD OF REVIEW

### A.    Motions to Dismiss Pursuant to Rule 12(b)(1)

Rule 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Because "[f]ederal courts are courts of limited jurisdiction," "[i]t is to be presumed that a cause lies outside this limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Consequently, "the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Id.*

Generally, a court must accept all material allegations of the complaint as true when deciding a motion to dismiss for lack of subject matter jurisdiction at the pleading stage.  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  However, "there is an exception to this general rule where the defendant brings a motion under Rule 12(b)(1) challenging subject matter jurisdiction as a factual—rather than facial—matter."  *Mecinas v. Hobbs*, 30 F.4th 890, 896 (9th Cir. 2022) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *see also Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)).  In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment.  *Savage v. Glendale Union High Sch.,* 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003) (citing *White,* 227 F.3d at 1242).  Furthermore, in this context, the court need not presume the truthfulness of the plaintiff's allegations.  *White,* 227 F.3d at 1242.  "Once the moving party has converted the motion to dismiss into a factual motion by

Page 9        DEFENDANT'S MOTION TO DISMISS, OR IN THE
              ALTERNATIVE, MOTION FOR SUMMARY
              JUDGMENT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711
Fax 206-292-0460

presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039 n.2.  The court may then resolve any factual disputes concerning the existence of jurisdiction.  *Mecinas*, 30 F.4th at 896 (citing *Augustine v. U.S.*, 704 F.2d 1074, 1077 (9th Cir. 1983)); *see, e.g., Earley v. U.S.*, Case No. 3:22-cv-00697-SB, 2023 WL 2245669, at *2–5 (D. Or. Jan. 27, 2023) (considering evidence on a motion under Rule 12(b)(1) and recommending dismissal for lack of jurisdiction).

### B.    Motions to Dismiss Pursuant to Rule 12(b)(6)

To avoid dismissal under Rule 12(b)(6), a plaintiff must plead a plausible entitlement to relief, which "requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp*, 550 U.S. at 556).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

When deciding whether a matter should be dismissed for failure to state a claim, a court generally accepts as true the well-pleaded factual allegations in the complaint and will not consider materials outside the pleadings. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).  However, there are at least two instances in which courts may consider information

Page 10    DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711
Fax 206-292-0460

113023\296855\50897173.1

outside of the complaint without converting a Rule 12(b)(6) motion into one for summary judgment: judicial notice and incorporation by reference. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The court need not "accept as true allegations that contradict matters properly subject to judicial notice." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on other grounds on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001) (citing *Mullis v. U.S. Bankr. Ct.,* 828 F.2d 1385, 1388 (9th Cir. 1987)).

On a Rule 12(b)(6) motion, the Court may take judicial notice of court filings, official government records, government websites, and publicly recorded documents without converting the motion into one for summary judgment. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995) (court may take judicial notice of publicly recorded documents without converting motion to one for summary judgment). Rule 201 of the Federal Rules of Evidence, which governs judicial notice, states in part: "A judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

It is well-settled that a court may take judicial notice of court filings and other matters of public record. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting that a court may take judicial notice of "undisputed matters of public record"); *U.S. v. Sleugh*, 896 F.3d 1007, 1017 n. 6 (9th Cir. 2018) (it is "well established" that a court may judicially notice the judicial proceedings in other courts); *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 n. 3 (9th Cir. 2018) (judicial notice properly taken of state court files); *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 943 (C.D. Cal. Dec. 5, 2014) (taking judicial notice of court orders in other matters).

Page 11      DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711
Fax 206-292-0460

113023\296855\50897173.1

In the context of a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so "not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (quoting *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.,* 181 F.3d 410, 426–27 (3rd Cir. 1999)). Interpretation of a state court's decisions are generally treated as a question of law. *Sec. & Exch. Comm'n v. United Fin. Grp., Inc.*, 576 F.2d 217, 222 (9th Cir. 1978) ("The interpretation of the [state court] judgment is a question of law"); *accord Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 572 (6th Cir. 2008) ("The interpretation of a district court's order is a question of law").

The Court also may consider documents incorporated into the complaint by reference; that is, "documents whose contents are alleged in a complaint and whose authenticity no party questions." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996); *Ritchie*, 342 F.3d at 908 ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim").

### C.    <u>Clean Water Act</u>

The CWA prohibits "the discharge of any pollutant by any person" into waters of the United States except in compliance with a NPDES permit. 33 U.S.C. §§ 1311(a), 1342. Where a permittee discharges pollutants in compliance with the terms of its NPDES permit, the permit acts to 'shield' the permittee from liability under the CWA." *Nat. Res. Def. Council, Inc. v. City of Los Angeles*, 725 F.3d 1194, 1204 (9th Cir. 2013) (citing 33 U.S.C. § 1342(k)).

Pursuant to 35 U.S.C. § 1365(a), "any citizen may commence a civil action on his own behalf . . . against any person . . . who is alleged to be in violation of (A) an effluent standard or

DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711
Fax 206-292-0460

113023\296855\50897173.1

limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation."  Notably, Section 1365(a) is phrased in present tense verbiage: the person must be alleged to be "***in violation***."  As the Supreme Court explained, this is no accident.  *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S 49, 62 (1987).  "[W]holly past violations" are insufficient to trigger subject matter jurisdiction for citizen suits under the CWA.  *Id.* at 64.  Instead, at minimum "citizen-plaintiffs [must] allege a state of either continuous or intermittent violation—that is, a reasonable likelihood that a past polluter will continue to pollute in the future.  Congress could have phrased its requirement in language that looked to the past ('to have violated'), but it did not choose this readily available option."  *Id.* at 57.  In concluding that the statute did not authorize actions for wholly past violations, the Court found it relevant that "§ 505's notice provision . . . requires citizens to give 60 days' notice of their intent to sue to the alleged violator as well as to the Administrator and the State."  *Id.* at 60 (citing 33 U.S.C. § 1365(b)(1)(A)).  The Court explained that, "[i]t follows logically that the purpose of notice to the alleged violator is to give it an opportunity to bring itself into complete compliance with the Act and thus likewise render unnecessary a citizen suit."  *Id.* at 61.  If "citizen suits may target wholly past violations, the requirement of notice to the alleged violator becomes gratuitous."  *Id.* at 60.

That said, because a citizen suit can lie when a defendant is "***alleged*** to be in violation," courts have jurisdiction where a good faith allegation of ongoing violations passes Rule 11 muster: i.e., such an allegation must not only be made in good faith, but it must be "well grounded in fact."  *Id.* at 65.

DEFENDANT'S MOTION TO DISMISS, OR IN THE
               ALTERNATIVE, MOTION FOR SUMMARY
               JUDGMENT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711
Fax 206-292-0460

113023\296855\50897173.1

## IV.    ARGUMENT

### A.    The Court Should Take Judicial Notice of the Stay Order Entered by the Oregon Court of Appeals and Related Filings in that Action

PBP requests that the Court take judicial notice of (1) Petitioner's Motion—Review of Agency's Denial of A Motion to Stay and Request for Stay dated February 7, 2025, Oregon Court of Appeals Case No. A186173; and (2) Oregon Court of Appeal's Order Granting Stay dated April 8, 2025, Oregon Court of Appeals Case No. A186173.  Authenticated copies of these documents are appended to the Mills Decl. as Exhibits 2–3.  The cited documents are public records capable of accurate and ready determination.

PBP asks that this Court take judicial notice of the following undisputed facts from these public records: (1) the existence of the appeal proceeding before the Oregon Court of Appeals, Case No. A186173, seeking review of the final order by EQC that resulted in the issuance of the 2022 NPDES Permit No. 101804; (2) that PBP asked the Court of Appeals to overturn DEQ's denial and "stay the Permit *and* Final Order pending the resolution of judicial review" (Mills Decl., Ex. 2, p. 53; Ex. 3, p. 2 (quoting PBP's motion) (emphasis added); *see also* n.3, *supra*); and (3) the decision from the Court of Appeals "conclud[ing] that it is appropriate to grant petitioner's motion" acknowledging that "the limits set forth in the permit will not be enforced" in the interim.  (*Id.*, Ex. 3, pp. 4–5.)  Taking judicial notice of these narrow facts is appropriate under Rule 201 as they are not "subject to reasonable dispute."  *See Lee*, 250 F.3d at 69 (holding court had properly used court records to take judicial notice of the existence of a hearing, the existence of a signed waiver, and the fact that a party waived certain rights in that proceeding); Fed. R. Evid. 201.  This Court should grant PBP's request for judicial notice.

Page 14        DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711
Fax 206-292-0460

113023\296855\50897173.1

**B.**     **The Court Does Not Have Subject Matter Jurisdiction and Plaintiffs Cannot State a Claim for Violations of the CWA Premised on the Stayed 2022 Permit.[4]**

Plaintiffs have failed to plausibly allege that PBP is in violation of the terms of the 2022 Permit because that permit has been stayed, is not in effect, and was not in effect for a full nine months prior to commencement of this action. It is axiomatic that PBP cannot be in violation of a permit that is not in effect. It is currently unknown when, whether, or in what condition it will ever go into effect. Instead, PBP is subject to its 2007 Permit, which was revived by operation of law when the stay was put into effect. *See* OAR 340-045-0040(2). Plaintiffs failed to include the 2007 Permit in their notice letter, and thus, it cannot be a basis of this citizen suit case. *Cmtys. for a Better Env't v. Tosco Ref. Co., Inc.*, No. C 00–0248 SI, 2001 WL 114441, at *7 (N.D. Cal. Jan. 29, 2001) ("The Ninth Circuit requires 'strict compliance' with the notice requirement for citizen suits . . . the 'notice must be sufficiently specific to inform the alleged violator about what it is doing wrong, so that it will know what corrective actions will avert a lawsuit."). Furthermore, Ninth Circuit precedent makes clear that "[i]f a party seeking to bring a citizen enforcement action has not complied with the CWA's notice requirement, then the district court in which that action is brought lacks subject matter jurisdiction and must dismiss the action." *Nat. Res. Def. Council v. Sw. Marine, Inc.*, 236 F.3d 985, 995–96 (9th Cir. 2000) (citing *Washington Trout v. McCain Foods, Inc.*, 45 F.3d 1351, 1354 (9th Cir. 1995)) (additional

---

[4] Courts frequently analyze Rule 12(b)(1), Rule 12(b)(6), and Rule 56 together to determine the proper procedural vehicle to dismiss citizen suit cases where a party was not "in violation" when suit was filed. *See, e.g.*, *San Diego Coastkeeper v. Pick-Your-Part Auto Wrecking*, No. 33-CV-1693 TWR (DDL), 2023 WL 4879832 (S.D. Cal. July 31, 2023) (dismissing CWA claims pursuant to Rule 12(b)(1)); *see also Safe Air for Everyone,* 373 F.3d at 1040–47 (dismissing citizen suit claim alleging violations under the Resource Conservation and Recovery Act pursuant to Rule 56).

Page 15     DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711
Fax 206-292-0460

113023\296855\50897173.1

citations omitted). Accordingly, this Court does not have subject matter jurisdiction based on any alleged violations of the 2007 Permit.

Plaintiffs may argue that PBP violated the 2022 Permit before the stay was put in place. But the CWA does not authorize citizen suits for "wholly past violations." *Gwaltney*, 484 U.S. at 64. As the Supreme Court explained in *Gwaltney*, the statute's present tense verbiage "to be in violation" represents "a requirement that citizen-plaintiffs allege a state of either continuous or intermittent violation—that is, a reasonable likelihood that a past polluter will continue to pollute in the future." *Gwaltney*, 484 U.S at 57. Plaintiffs have failed to make that showing. They have failed to allege a state of either continuous or intermittent violations of an operative permit as of the time the Complaint was filed. The 2022 Permit had not been in effect for nine months as of that time. Plaintiffs also cannot allege a *reasonable* likelihood that PBP will violate the terms of the 2022 Permit in the future, in particular because the future of that permit is entirely uncertain until a decision from the Court of Appeals. Even if a decision is immediately forthcoming, the outcomes are so variable that relying on any potential outcome is so uncertain that it cannot plausibly be deemed reasonably likely to occur. For example, the Court of Appeals may reverse or modify all or a portion of the EQC's decision and remand the 2022 Permit back to DEQ for further modification. If this occurs, then none of the 2022 Permit will be in effect until DEQ re-issues the Permit in accord with the Court of Appeals' decision.

Nor can Plaintiffs' lawsuit survive on the basis of the false allegation that the 2022 Permit *is* in effect and that PBP is currently in violation of it. This Court need not "accept as true allegations that contradict matters properly subject to judicial notice;" *Sprewell*, 266 F.3d at 988; such as the fact that the 2022 Permit has been stayed for more than a year. Indeed, to have subject matter jurisdiction, the allegations of ongoing violations must meet the minimum

Page 16    DEFENDANT'S MOTION TO DISMISS, OR IN THE
ALTERNATIVE, MOTION FOR SUMMARY
JUDGMENT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711
Fax 206-292-0460

requirements of Rule 11: they must not only be made in good faith,[5] they must also be "well grounded in fact." *Gwaltney*, 484 U.S at 65.  Plaintiffs' claims of ongoing violations of the 2022 Permit here are not grounded in fact.  To the contrary, the allegations are demonstrably and verifiably false based on publicly-filed court records of which this Court can take judicial notice.  In light of this evidence, the Court does not have subject matter jurisdiction—Plaintiffs will be unable to meet their burden to prove otherwise.  *See Savage*, 343 F.3d at 1039 n.2 (plaintiffs' burden to establish subject matter jurisdiction).

Because, this Court does not have subject matter jurisdiction under Section 1365 of the CWA, the Court should dismiss the Complaint pursuant to Rule 12(b)(1).[6]  *See Thornhill Publ'g Co. v. Gen. Tel. Co.*, 594 F.2d 730, 734 (9th Cir. 1979) (concluding dismissal under Rule 12(b)(1) is proper, even where jurisdictional challenge is intertwined with the merits of the case, where the allegations of the complaint are frivolous).  Alternatively, the Court should dismiss the Complaint pursuant to Rule 12(b)(6) because Plaintiffs have failed to state a claim upon which relief can be granted.[7]

**C.      <u>In the Alternative, the Court Should Grant Summary Judgment.</u>**

As the Supreme Court has explained in the context of citizen suits brought under the

---

[5] PBP does not suggest that the Complaint was filed in bad faith.  Presumably, Plaintiffs were not aware of the status of the state administrative and appellate proceedings as of the time they filed the Complaint.

[6] In *Gwaltney*, the Court shifts from referring to Section 1365's "to be in violation" requirement as one of subject matter jurisdiction or one of standing.  *Compare Gwaltney*, 484 U.S. at 60 ("§ 505's jurisdictional grant"), p. 64 ("§ 505 confers jurisdiction") *with* p. 65 (discussing "standing").  For purposes of this Motion, the distinction is without a difference.  Standing is a subset of subject matter jurisdiction, and either are subject to Rule 12(b)(1).  *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) (holding that a lack of Article III standing requires dismissal for lack of jurisdiction under Rule 12(b)(1)).

[7] *See* footnote 4, *supra*.

Page 17      DEFENDANT'S MOTION TO DISMISS, OR IN THE
ALTERNATIVE, MOTION FOR SUMMARY
JUDGMENT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711
Fax 206-292-0460

113023\296855\50897173.1

CWA, "if the plaintiffs' 'allegations [of standing are] in fact untrue, then the [defendants] should . . . move[] for summary judgment on the standing issue and demonstrate[] to the District Court that the allegations [are] sham and raise[] no genuine issue of fact."[8]  *Gwaltney*, 484 U.S at 66. To the extent the Court does not grant the motion to dismiss, the Court should convert this Motion to a motion for summary judgment pursuant to Rule 56, and should dismiss this case for lack of subject matter jurisdiction.  *See Safe Air for Everyone,* 373 F.3d at 1041 (treating motion to dismiss under 12(b)(1) as motion under Rule 56 and affirming dismissal of citizen suit claim for lack of subject matter jurisdiction).

There are no genuinely disputed facts concerning the language in the Court of Appeals' Order granting the stay of the 2022 Permit on April 8, 2025, and the fact of the stay is dispositive.  With the 2022 Permit stayed, PBP inherently is not "in violation" of that permit. PBP also was not "in violation" of that permit for at least six months prior to service of the pre-suit notice letter and nine months prior to the filing of this citizen suit, because the 2022 Permit at issue was stayed during that entire time.  The Supreme Court has noted that the purpose of the pre-suit notice letter "is to give [the defendant] an opportunity to bring itself into complete compliance with the Act and thus likewise render unnecessary a citizen suit," and this reinforced its reading that to be "in violation" required allegations of ongoing violations at the time suit was filed.  *Gwaltney*, 484 U.S at 61.  Here, not only was PBP not ***in violation*** of the 2022 Permit at the time suit was filed, it was not ***in violation*** of that permit when even the pre-suit notice letter was sent, because it had avoided any alleged violations through seeking and receiving a stay by

---

[8] As noted in footnote 6, *supra*, the Supreme Court interchangeably discusses the "in violation" requirement as one of subject matter jurisdiction or standing.

Page 18    DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711
Fax 206-292-0460

113023\296855\50897173.1

the Court of Appeals six months prior.

Instead, for more than a year, PBP has been operating pursuant to the terms of the 2007 Permit, and there are no allegations of any violations of that permit.

Thus, to the extent the Court does not grant a motion to dismiss, it should treat this as a motion for summary judgment and find a lack of subject matter jurisdiction.

## V.    CONCLUSION

For the foregoing reasons, PBP requests that the Court dismiss Plaintiffs' Complaint in its entirety with prejudice pursuant to Rule 12(b)(1).  In the alternative, PBP asks that the Court dismiss the Complaint for failure to state a claim pursuant to Rule 12(b)(6), or convert this motion into a motion for summary judgment under Rule 56 and dismiss the Complaint for lack of subject matter jurisdiction.

Dated this 26th day of May, 2026.

Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.

By:    *s/ Nika Aldrich*
       Nika Aldrich, OSB #160306
       Elizabeth Graves, OSB #193644

       *Attorneys for Pacific Bio Products -
       Warrenton, LLC*

Page 19    DEFENDANT'S MOTION TO DISMISS, OR IN THE
           ALTERNATIVE, MOTION FOR SUMMARY
           JUDGMENT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711
Fax 206-292-0460

113023\296855\50897173.1