**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **CENTER FOR FOOD SAFETY**, a California non-profit corporation; and **NORTHWEST ENVIRONMENTAL DEFENSE CENTER,** an Oregon non-profit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>**PACIFIC BIO PRODUCTS-WARRENTON, LLC**, an Oregon corporation,<br><br>Defendant. | Case No. 3:26-cv-118-JR<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jolie A. Russo issued Findings and Recommendation ("F&R") in this case on July 31, 2026, which included a nondispositive order. In that order, Judge Russo stayed the proceedings, pending the outcome of an appeal before the Oregon Court of Appeals that involves whether the 2022 permit that forms the basis of Plaintiffs' Complaint has been stayed in full by a previous order of the Oregon Court of Appeals. In the F&R, Judge Russo recommended that this Court "conditionally" deny Defendant's Motion to Dismiss, until

the Oregon Court of Appeals issues its decision, at which point Defendant could "renew" its motion as necessary.

Rule 72 of the Federal Rules of Civil Procedure allows a magistrate judge to "hear and decide" all referred pretrial matters that are "not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). For dispositive matters when the parties have not consented to the magistrate judge's jurisdiction, Rule 72 allows the magistrate judge only to "enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1). Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party timely objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

When a party timely objects to a magistrate judge's determination of a *nondispositive* matter, however, the district judge may reject that determination *only* when the magistrate judge's order is either clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R.

Civ. P. 72(a); *see also In re Optical Disk Drive Antitrust Litig.*, 801 F.3d 1072, 1076 (9th Cir. 2015). ("We will overturn the district court's denial of a motion to reconsider the magistrate judge's pretrial discovery order only if the denial was 'clearly erroneous or contrary to law.'" (quoting *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002)). This means the Court will review the magistrate judge's factual findings for clear error and legal conclusions de novo. *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019); *see also Bennett v. Yoshina*, 98 F. Supp. 2d 1139, 1145 (D. Haw. 2000), *aff'd*, 259 F.3d 1097 (9th Cir. 2001) (stating that factual findings are reviewed for clear error and the magistrate's "legal conclusions would be reviewed de novo, as would mixed questions of law and fact").

"Applying [the clearly erroneous] standard, a reviewing court must ask whether, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed." *In re Optical Disk Drive*, 801 F.3 at 1076; *see also Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997) (same). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Count. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "And an order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig*, 940 F.3d at 219 (cleaned up); *Perez v. City of Fresno*, 519 F. Supp. 3d 718, 722 (E.D. Cal. 2021); *Spriestersbach v. Hawaii*, 2023 WL 8237057, at *3 (D. Haw. Nov. 28, 2023).

Plaintiffs timely filed an objection. Plaintiffs object to the portion of Judge Russo's F&R finding that Plaintiffs did not sufficiently allege claims based on the 2007 permit issued to Defendant, instead of solely the 2022 permit that is the subject of the matter before the Oregon Court of Appeals. Plaintiffs also object to Judge Russo's nondispositive order staying these proceedings, asserting that discovery should be allowed to proceed.

The Court agrees with Judge Russo that Plaintiffs' Complaint does not allege claims under the 2007 permit. The "Introduction" portion of the complaint defines the permit solely by permit number, 101804, *see* Compl. ¶ 2, which is the permit number for both the 2007 and 2022 permits. The "Facts" section of the Complaint, however, alleges that the permit was "issued by ODEQ on February 17, 2022. The Permit has an effective date of April 1, 2022. It was amended on October 9, 2024, and has an expiration date of January 31, 2027." *Id.* ¶ 31.

Plaintiffs argue in their briefing before Judge Russo and in objections before this Court, that the permit conditions that form the basis of Plaintiffs' claims are the same in both the 2007 and 2022 permits, and thus it does not matter which permit governs and the impending Oregon Court of Appeals decision is not dispositive for this federal district court case. Plaintiffs' *Complaint*, as filed, however, contains no allegations explaining that the 2007 permit includes the same conditions as those alleged from the 2022 permit or that Plaintiffs' claims would be the same under either permit. Plaintiffs' Complaint also does not allege Plaintiffs' claim in the alternative under the 2007 permit. Indeed, the Complaint is entirely silent as to the 2007 permit.

Because Plaintiffs might be able to allege claims arising under the 2007 permit, which might be unaffected by the pending Oregon Court of Appeals decision, the Court hereby allows Plaintiffs leave to amend.[1] Defendant may then file a motion to dismiss Plaintiffs' amended complaint, if appropriate. In all other respects, however, the Court stays this case, including discovery, until the Oregon Court of Appeals decision has been issued or Plaintiffs, in any amended pleading, state a claim for relief that is not affected by that decision.

---

[1] The Court notes that Defendant has asserted that Plaintiffs' notice specifically referenced the 2022 permit, and that Plaintiffs therefore cannot sustain a claim under the 2007 permit. This assertion, however, is based on extrinsic evidence and is not yet ripe for consideration.

The Court otherwise agrees with the F&R that it is better to hold off on considering Plaintiffs' current Complaint that asserts claims under the 2022 permit until after the Oregon Court of Appeals issues its decision. Unlike F&R, however, the Court construes Defendant's motion to dismiss as including an alternative motion to stay, grants that motion to stay in part, and denies the motion to dismiss without prejudice. *See, e.g.*, *Ferrari Fin. Servs., Inc. v. Murapa*, 2026 WL 622702, at *1 (D. Nev. Mar. 5, 2026) ("For the reasons discussed below, the Court construes Defendant's Motion to Dismiss as a Motion to Compel Arbitration, GRANTS that Motion, and STAYS this case pending arbitration.").

The Court ADOPTS IN PART the Findings and Recommendation, ECF 35. The Court construes Defendant's Motion to Dismiss as alternatively moving to stay and GRANTS IN PART and DENIES IN PART that motion. ECF 22. The Court DENIES the motion to dismiss, without prejudice to renew, as appropriate, after the Oregon Court of Appeals issues its decision or Plaintiffs file an amended pleading. In addition, the Court GRANTS a partial stay of this case pending the Oregon Court of Appeals decision in Case No. A186173, except for Plaintiffs' ability to file an amended complaint, as discussed herein, if Plaintiffs wish to do so, and Defendant's ability to file a motion to dismiss all or part of any amended pleading by Plaintiffs. Any amended complaint is due by October 16, 2026. The parties are directed to notify the Court within 20 days of the decision by the Oregon Court of Appeals.

**IT IS SO ORDERED.**

DATED this 1st day of October, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge